IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-572-RGA |
| JUSTICE OF THE PEACE COURT NO. 3, GEORGETOWN, DELAWARE, | : |
| Defendant. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

October 5, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis* filed this action in December 2016 in the United States District Court for the Eastern District of Pennsylvania against the Justice of the Peace Court No. 3, Georgetown, Delaware. The matter was transferred to this Court on December 21, 2016. (D.I. 2). Jones asserts jurisdiction by reason of a federal question and alleges that his claims arise under the Constitution, laws or treaties of the United States. Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) prior to review and screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.I. 9). Plaintiff opposes the motion to dismiss. (D.I. 10). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Jones alleges that from December 31, 2014 to the present, long standing enslavement, sexual slavery, forced labor, identity theft, larceny, forgery, assault, attempted murder, rape, pedophilia, and other felonious acts were committed. (D.I. 3 at p.2). Jones alleges the acts occurred as a result of his mother's call to 911, the Delaware State Police arriving at their home, and his arrest for felony assault. (*Id.*). Plaintiff was held without bail. The case was ultimately dismissed. (*Id.* at p.4). The Complaint refers to a number of other traffic incidents that occurred between 2002 and 2006.

1

Jones alleges numerous violations of federal criminal law, Delaware State law, and amendments of the United States Constitution. (*Id.* at pp.5-10). He seeks two billion dollars in damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

3

Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

DISCUSSION

The sole defendant is the Justice of the Peace Court No. 3. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Following the reasoning of the Third Circuit in *Benn v. First Judicial Dist. of Pa.*, the Court concludes that the Justice of the Peace Court is a state entity and, thus, immune from suit. *Benn*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity). In addition, dismissal is proper because Defendant is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008). Finally, after thoroughly reviewing the complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims raised by Jones are frivolous. Therefore, the

Court will dismiss the Complaint as frivolous and based upon the Justice of the Peace Court's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

To the extent Jones attempts to raise supplemental state claims, because the Complaint fails to state federal claims, the Court declines to exercise jurisdiction over any supplemental state law claims. See 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (i) and (iii); and (2) dismiss as moot Plaintiff's motion for default judgment (D.I. 5), Plaintiff's motion for issuance of subpoena (D.I. 6), and Defendant's motion to dismiss (D.I. 9). The Court finds amendment futile.

An appropriate order will be entered.

---

[1] The Court of Appeals recently affirmed the same ruling in a suit by Plaintiff against Justice of the Peace Court Number 4. No. 17-1848 (3d Cir. Aug. 9, 2017).